OPINION
{¶ 1} Defendant-appellant James M. Huber appeals from an aggregate sentence of 12 years imprisonment imposed for multiple sentences to which he pled no contest. Huber contends that the trial court reneged on a promise to impose an 8-year sentence, and that the sentence imposed constitutes an abuse of discretion. *Page 2 
 {¶ 2} The record does not support Huber's contention that the trial court promised that it would impose an 8-year sentence. The record does not demonstrate any abuse of discretion. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Huber was charged by indictment with one count of Breaking and Entering, one count of Theft, one count of Possession of Drugs, and, in a separate indictment, with one count of Engaging in a Pattern of Corrupt Activity and one count of Conspiracy to Engage in a Pattern of Corrupt Activity.
 {¶ 4} Huber ultimately pled no contest to all charges, and the State recommended, jointly with Huber, that an aggregate sentence of eight years be imposed, the mandatory sentence for the Possession of Drugs offense. Huber did not appear at the time fixed for his sentencing, but later appeared, and was sentenced to eight years for Possession of Drugs, to four years for Engaging in a Pattern of Corrupt Activity, and to four years for Conspiracy to Engage in a Pattern of Corrupt Activity. The two four-year sentences were imposed concurrently with one another, but consecutively to the eight-year sentence. Lesser sentences were imposed for the other offenses, but these were all imposed concurrently, so that the aggregate sentence imposed was imprisonment for twelve years. A mandatory fine of $7,500 was also imposed.
 {¶ 5} From the sentence imposed upon him, Huber appeals.
 II {¶ 6} Huber's sole assignment of error is as follows: *Page 3 
 {¶ 7} "THE DEFENDANT'S PLEA WAS NOT VOLUNTARY, INTELLIGENTLY OR KNOWINGLY MADE AS DEFENDANT WAS PROMISED A MAXIMUM EIGHT YEAR SENTENCE; BUT A TWELVE YEAR SENTENCE WAS IMPOSED. THE TRIAL COURT'S SENTENCE WAS ARBITRARY, EXCESSIVE, AND DID NOT COMPLY WITH THE PLEA AGREEMENT OF EIGHT YEARS THAT DEFENDANT ENTERED INTO."
 {¶ 8} The first, and main, argument Huber makes is that the trial court reneged on a promise to impose a sentence of eight years. The State contends that the trial court never promised any particular sentence. The record supports the State.
 {¶ 9} The State jointly recommended, along with Huber, an aggregate sentence of eight years at the plea hearing. At the sentencing hearing, the State, through its representative, the assistant prosecutor, made the following statement:
 {¶ 10} "Originally, there was the concurrent recommendation with respect to sentencing. Obviously, there's been a lot of water pass under the bridge and things have transpired since that time.
 {¶ 11} "I've given it considerable thought and I've had discussions with the B.C.I. and Miami County Sheriff's Detective Section this morning, and the State is going to continue on with that jointly recommended concurrent sentence."
 {¶ 12} The foregoing statement establishes that the State honored its promise, made at the plea hearing, to recommend concurrent sentences aggregating eight years.
 {¶ 13} Huber contends that the trial court promised him that it would impose an eight-year sentence, but the record does not support this contention. The transcript of the plea hearing contains the following colloquy: *Page 4 
 {¶ 14} "THE COURT:. . . .
 {¶ 15} "The Court has been advised the Defendant wishes to enter a plea of no contest, and I need to know, are there any plea bargains that need to be stated on the record at this time?
 {¶ 16} "MR. BUCIO [representing Huber]: Yes, Your Honor, if I may please this Court, there's a joint recommendation of my client pleading to the possession of drug charge and having eight years mandatory sentence run concurrent with the R. I. C. O. charges.
 {¶ 17} "And then also the fine to be $7,500.00 Your Honor.
 {¶ 18} "THE COURT: There's a jointly recommended sentence on the R. I. C. O. to eight years also?
 {¶ 19} "MR. BUCIO: That's correct.
 {¶ 20} "MR. NASAL [representing the State]: Yes, Judge, to run-
 {¶ 21} "THE COURT: Okay. So it's an eight year jointly recommended sentence for both cases?
 {¶ 22} "MR. NASAL: Total of eight. That's correct.
 {¶ 23} "MR. BUCIO: To run concurrent.
 {¶ 24} "THE COURT: Concurrent. Right. Okay. All right. Mr. Huber, would you please raise your right hand so you can be sworn. Do you swear or affirm to tell the truth, the whole truth, and nothing but the truth in these proceedings, so help you God?
 {¶ 25} "MR. HUBER: Yes, sir.
 {¶ 26} "THE COURT: Okay. Did you hear the plea bargain in this case?
 {¶ 27} "MR. HUBER: Yes, sir. *Page 5 
 {¶ 28} "THE COURT: Is that the entire agreement?
 {¶ 29} "MR. HUBER: Yes.
 {¶ 30} "THE COURT: Are there any other terms, conditions, promises, or inducements you're relying on in exchange for your plea of no contest other than that that's stated here on the record?
 {¶ 31} "MR. HUBER: No, sir.
 {¶ 32} "THE COURT: If there are any other deals or promises or reliances that you're relying on I'm not aware of them and I'm not bound by them. Do you understand that?
 {¶ 33} "MR. HUBER: Yes.
 {¶ 34} "THE COURT: Also, as far as any recommendations go in the case, those are just recommendations that are not binding on the Court. Do you understand that?
 {¶ 35} "MR. HUBER: Yes."
 {¶ 36} The trial court proceeded through the plea colloquy, ultimately accepting Huber's plea of no contest and finding him guilty of all offenses as charged. There was then a discussion of bond and whether a pre-sentence investigation should be ordered. The discussion concerning the pre-sentence investigation is significant, because it belies any contention that Huber was under the impression, at the plea hearing, that the trial court had committed itself to an eight-year sentence:
 {¶ 37} "THE COURT: I'm going to order a Pre-Sentence Investigation. And I'm gonna tell you, the good thing about a Pre-Sentence Investigation is, you're not gonna be sentenced today.
 {¶ 38} "The bad thing about a Pre-Sentence Investigation is I'm gonna have a lot *Page 6 
more information about you than probably you want me to have. If I sentence you today, I'm pretty much boxed into the eight years. Cause I don't have a Pre-Sentence Investigation to factor against the jointly recommended sentence.
 {¶ 39} "And that's what the Prosecutor is talking about, it cuts both ways. Because if that Pre-Sentence Investigation is exceptionally damning, then that increases the odds I'm not gonna follow the jointly recommended sentence. If I sentence you today, I'm pretty much boxed into the jointly recommended sentence.
 {¶ 40} "Usually when there's a jointly recommended sentence I'm getting pressed by the Defense to sentence today so I don't get a Pre-Sentence Investigation, so I'm pretty well boxed in a corner. So I'm not gonna be boxed in a corner six weeks from now because I'm gonna have a Pre-Sentence Investigation. So maybe you two need to talk a little bit. Do you need to talk about that at all?
 {¶ 41} "MR. HUBER: No, sir.
 {¶ 42} "THE COURT: You don't need to talk about that?
 {¶ 43} "MR. HUBER: No.
 {¶ 44} "THE COURT: Of course, if you're not gonna show, what would you care whether I'm gonna not be boxed in or not.
 {¶ 45} "MR. HUBER: I just want to see my little girl go to kindergarten. I mean, I've ruined everything else in my life, at least I want to see if that is possible.
 {¶ 46} "THE COURT: I'm going to order a Pre-Sentence Investigation and order that Sentencing be held on Tuesday, September 5th, 2006 at 2:00 p.m. That's Tuesday, September 5th at 2:00. Bond will be continued.
 {¶ 47} "Is there anything further from either side? *Page 7 
 {¶ 48} "MR. BUCIO: No, Your Honor.
 {¶ 49} "MR. NASAL: Nothing, Judge."
 {¶ 50} The above-quoted colloquy demonstrates that Huber could not possibly have been under the impression that the trial court had bound itself to follow the joint recommendation of the parties as to sentencing.
 {¶ 51} Huber also argues that the trial court abused its discretion by imposing a combination of concurrent and consecutive sentences aggregating twelve years. The trial court, before imposing sentence, made the following remarks, evidently reviewing the pre-sentence investigation report:
 {¶ 52} "THE COURT: As far as the sentence, prior record of the Defendant, in `95 he was convicted of petit theft, `96, arson and breaking and entering. That was as a juvenile.
 {¶ 53} "`97, burglary, misuse of credit card, insurance fraud, breaking and entering and grand theft of a motor vehicle. He was given judicial release and was revoked, and then was given P.R.C. and was revoked.
 {¶ 54} "On February 12th, 1998, he was convicted of equipment misuse.
 {¶ 55} "May of 2000, disorderly conduct. August of 2000, anti-noise.
 {¶ 56} "June of 2002, criminal trespass, August of 2002, disturbing the peace.
 {¶ 57} "May of 2003, possession of criminal tools, theft, and breaking and entering. He was given judicial release on that occasion and was revoked. 2003, disorderly conduct.
 {¶ 58} "2004, use of unauthorized plates.
 {¶ 59} "2005, motor vehicle amplification system. And in 2005, restrictions on *Page 8 
use of tinted windows.
 {¶ 60} "As far as the criminal sentencing factors for F-4s and F-5s, pertaining to the F-4s and F-5s that we have before us, the crimes were committed for hire or as part of organized criminal activity, and the offender previously served a prison term.
 {¶ 61} "As far as the recidivism factors, under recidivism likely, the Defendant was under a Court sanction or supervision at the time these offenses were committed.
 {¶ 62} "He has prior adjudication of delinquency or history of criminal convictions.
 {¶ 63} "He's failed to respond favorably in the past to sanctions imposed for criminal convictions.
 {¶ 64} "And he shows no remorse for the offense.
 {¶ 65} "Under recidivism unlikely, there's no factors in his favor.
 {¶ 66} "Under the seriousness factors, under more serious, the victim suffered serious economic harm as a result of the offense.
 {¶ 67} "And under less serious, there's no reason to believe that this case is less serious than the average case of this nature as far as both cases go.
 {¶ 68} "I find the Defendant is not amenable to an available community control sanction."
 {¶ 69} Huber does not challenge any of the findings that the trial court made in the above-quoted colloquy, suggesting only that the trial court abused its discretion in imposing an aggregate sentence of twelve years. We find no abuse of discretion.
 {¶ 70} Huber's sole assignment of error is overruled.
 III {¶ 71} Huber's sole assignment of error having been overruled, the judgment of *Page 9 
the trial court is Affirmed.
 BROGAN and GRADY, JJ., concur. *Page 1