{¶ 15} I respectfully dissent from the majority's application of the principles of res judicata to this appeal from a resentencing because I conclude that Turner's initial sentencing was not a valid, final judgment of conviction.
 {¶ 16} In Turner's first appeal, this court cited to State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, and held that the court's failure to advise Turner of the mandatory nature and exact term of postrelease control necessitated a de novo resentencing. See State v.Turner, Cuyahoga App. No. 88958, 2007-Ohio-5732, ¶ 56-57. InBezak, the supreme court held:
 {¶ 17} "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have postrelease control imposed on the defendant unless the defendant has completed his sentence." (Emphasis added.)
 {¶ 18} In State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-420, the supreme court noted that "[t]he effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." Id. at ¶ 19. *Page 7 
 {¶ 19} If Turner's initial sentence was "void," he was not sentenced at all. The failure to impose sentence means that there is no final order from which a valid appeal can be taken. See State v. Baker,119 Ohio St.3d 197, 2008-Ohio-3330 (holding that a "judgment of conviction" is a final appealable order only when it sets forth "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court").
 {¶ 20} Principles of res judicata apply only to "valid, final judgment[s] rendered upon the merits [.]" Grava v. Parkman Twp.,73 Ohio St.3d 379, 1995-Ohio-331, syllabus. The court's failure to advise Turner of postrelease control rendered his sentence void. Because he was not sentenced, there was no judgment of conviction. Without a valid judgment of conviction, principles of res judicata cannot apply. I would find that Turner's case was still pending at the time of resentencing and that the law set forth in State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, could be applied prospectively to this appeal. Applying that law, I would find structural error requires reversal of Turner's conviction because (1) the indictment did not charge the reckless mental element for robbery under R.C. 2911.01(A)(2); (2) the state did not attempt to prove the element of recklessness; (3) the trial court failed to instruct the jury on a mens rea element of recklessness; and (4) in closing arguments, the state treated robbery as a strict liability offense. *Page 1