[Cite as *State v. Huber*, 2011-Ohio-3728.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO.     2010 CA 3

v.                                     :          T.C. NO.    06CR163
                                                             06CR22B

JAMES HUBER                            :          (Criminal appeal from
                                                     Common Pleas Court)
    Defendant-Appellant               :


                                       :

          . . . . . . . . . .

                          **O P I N I O N**

Rendered on the ____29th____ day of ____July____, 2011.

          . . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, First Assistant Prosecuting Attorney, 201 West Main Street, Safety Building, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

PATRICK J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
      Attorney for Defendant-Appellant

JAMES HUBER, #537476, P. O. Box 4501, Lima, Ohio 45802
      Defendant-Appellant

          . . . . . . . . . .

FROELICH, J.

    **{¶ 1}**  On December 18, 2009, the trial court denied the appellant's motions to withdraw his pleas in Case Nos. 06CR163 and 06CR22B.  The appellant, pro se, filed a

notice of appeal and counsel was appointed.

{¶ 2} Appointed counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that the brief "does not contain any assignments of error because appellant's counsel, after a careful review of the record in this matter, was unable to locate any meritorious issues for appellate review." Huber was advised of his counsel's *Anders* brief's representations and that he could file a pro se brief assigning any errors for review by this court. Huber was further advised that absent such a filing, the appeal will be deemed submitted on its merits. No pro se brief has been received. The case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 3} The record reveals that the appellant was indicted for various charges in February and March of 2006. In July of 2006, the defendant pled no contest to the charges and was subsequently sentenced to prison. The defendant appealed his convictions and sentence and alleged that the trial court abused its discretion when it did not comply with a plea agreement. We affirmed the court's judgment and sentences. *State v. Huber*, Miami App. No. 06-CA-51, 2008-Ohio-420, disc. appeal denied, 118 Ohio St.3d 1462, 2008-Ohio-2823.

{¶ 4} In May of 2008, the appellant filed a motion to withdraw his plea pursuant to Crim.R. 32.1 alleging that his indictment was defective and that the court improperly made certain factual findings at the time of his sentence. The motions were denied by the court without a hearing and the defendant appealed. We affirmed the trial court's decision. *State v. Huber*, Miami App. No. 08-CA-15, 2009-Ohio-2541.

{¶ 5}   In December 2009, the defendant filed a motion to withdraw his plea alleging that there was insufficient evidence of his guilt and that he received ineffective assistance of counsel when he was advised to accept the plea agreement and to enter pleas of no contest. The trial court denied this motion without a hearing and the defendant filed a notice of appeal which has resulted in the *Anders* brief now before this court.   Appellant's counsel, in his brief, says that "the only possible issues in this matter are with regard to appellant's motion to withdraw his pleas."

{¶ 6}   Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 7}   "The distinction between pre-sentence and post-sentence motions to withdraw pleas of guilty or no contest indulges a presumption that post-sentence motions may be motivated by the desire to obtain relief from a sentence the movant believes is unduly harsh and was unexpected.   The presumption is nevertheless rebuttable by showing of a manifest injustice affecting the plea.   'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'   The movant has the burden to demonstrate that a manifest injustice occurred." *State v. Brooks*, Montgomery App. No. 23385, 2010-Ohio-1682, ¶8 (internal citations omitted).

{¶ 8}   An undue delay between the occurrence of the alleged cause of a withdrawal

of a guilty plea and the filing of a Crim.R. 32.1 motion is a factor adversely affecting the credibility of the movant and mitigating against the granting of the motion. *State v. Smith* (1977), 49 Ohio St.2d 261; *State v. Harden*, Montgomery App. No. 22839, 2009-Ohio-3431. In this case, the motions to withdraw the plea now before this court were filed three years after the sentence and after the original conviction was affirmed and a prior denial of a motion to withdraw the plea was affirmed. Further, the basis of the defendant's current motion, that there was insufficient evidence for his conviction, was obviously apparent at the time he entered his plea or soon thereafter, as it was at the time of his direct appeal and his previous motion to withdraw his plea and its appeal.

{¶ 9} "A trial court is not necessarily required to hold a hearing before deciding a post-sentence withdrawal motion. A hearing is required only if the facts alleged by the defendant, if accepted as true, would require the plea to be withdrawn." *State v. McComb*, Montgomery App. Nos. 22570, 22571, 2009-Ohio-295, ¶19. "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and a reviewing court will not interfere with that decision absent an abuse of discretion. 'Abuse of discretion' connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, ¶21 (citations omitted).

{¶ 10} The trial court did not err in denying the appellant's motions to withdraw his pleas. Having conducted an independent review of the record, we find this appeal to be wholly frivolous. There are no meritorious issues for appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Anthony E. Kendell
Patrick J. Conboy II
James Huber
Hon. Christopher Gee