[Cite as *State v. Huber*, 2012-Ohio-2663.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :        C.A. CASE NO. 2011 CA 9

v.                                               :        T.C. NO.  06CR163
                                                                   06CR22B

JAMES M. HUBER                                   :
                                                          (Criminal appeal from
    Defendant-Appellant            :        Common Pleas Court)

                                                 :

       . . . . . . . . . .

**O P I N I O N**

Rendered on the    15th    day of    June   , 2012.

       . . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, Assistant Prosecuting Attorney, 201 West Main Street, Safety Building, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

P. J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

JAMES M. HUBER, #537476, P. O. Box 788, Mansfield, Ohio 44901
    Defendant-Appellant

       . . . . . . . . . .

FROELICH, J.

{¶ 1}  James M. Huber appeals from a judgment of the Miami County Court of Common Pleas, which overruled his motion to withdraw his pleas of no contest to several

charges. Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reached the conclusion that no potentially meritorious issues exist for appeal.

{¶ 2} In 2006, Huber was charged in two indictments. The first indictment charged him with one count of breaking and entering, one count of theft, and one count of possession of drugs. The second indictment charged him with one count of engaging in a pattern of corrupt activity and one count of conspiracy to engage in a pattern of corrupt activity. Huber pled no contest to all the charges; Huber and the State jointly recommended a sentence of eight years as part of the plea agreement. After reviewing a presentence investigation, and after Huber failed to appear for a scheduled sentencing hearing, the trial court imposed a more lengthy prison term (12 years) than the sentence the State and Huber had recommended. On direct appeal, we rejected Huber's argument that the trial court reneged on a promise to impose a lesser sentence, finding that the plea colloquy demonstrated "that Huber could not possibly have been under the impression that the trial court had bound itself to follow the joint recommendation of the parties as to sentencing," and we affirmed the trial court's judgment. *State v. Huber*, 2d Dist. Miami No. 06 CA 51, 2008-Ohio-420, ¶ 50.

{¶ 3} In May 2008, Huber, acting pro se, filed a motion in the trial court to withdraw his no contest pleas. The trial court overruled the motion, and Huber appealed; he was represented by counsel on appeal. Although Huber's motion sought to withdraw his pleas as to all of the charges based on various "structural errors," his argument on appeal was addressed only to the count of breaking and entering; he argued that his indictment was

defective because it failed to include the requisite mental state, in violation of *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I*") and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II*"). We rejected this argument because Huber's case was not pending when *Colon I* was decided and because his argument was barred by the doctrine of res judicata. *State v. Huber*, 2d Dist. Miami No. 2008 CA 15, 2009-Ohio-2541, ¶ 5.

{¶ 4} In December 2009, Huber filed another motion, pro se, to withdraw his pleas, claiming that they were not knowingly, intelligently, and voluntarily made and that there was insufficient evidence to support his convictions. The trial court overruled the motion without a hearing. Huber appealed and was represented by counsel on appeal. Counsel filed an *Anders* brief, stating that there were no meritorious issues for appellate review; when informed of this fact, Huber did not file a pro se brief, as he was entitled to do. We found the appeal to be "wholly frivolous," stating:

> [T]he motions to withdraw the plea now before this court were filed three years after the sentence and after the original conviction was affirmed and a prior denial of a motion to withdraw the plea was affirmed. Further, the basis of the defendant's current motion, that there was insufficient evidence for his conviction, was obviously apparent at the time he entered his plea or soon thereafter, as it was at the time of his direct appeal and his previous motion to withdraw his pleas and its appeal.

*State v. Huber*, 2d Dist. Miami No. 2010 CA 3, 2011-Ohio-3728, ¶ 8. We affirmed the trial court's judgment.

**{¶ 5}** In April 2011, Huber filed another pro se motion "for specific enforcement" and to withdraw his pleas; the trial court overruled the motion without a hearing. Huber filed this appeal, and counsel was appointed to represent him. Counsel again filed an *Anders* brief, stating that there were no potentially meritorious issues for appellate review; Huber did not file his own brief after being advised of his right to do so.

**{¶ 6}** We have again independently reviewed the record of this case. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). As we have previously stated, we find no error in the handling of the case or in the court's imposition of a sentence greater than that which the parties had recommended. We also conclude that Huber's argument is barred by res judicata, because he has previously attempted to withdraw his pleas and has challenged the trial court's denial of his motions. There are no potentially meritorious issues for appeal.

**{¶ 7}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Anthony E. Kendell
P. J. Conboy II
James M. Huber
Hon. Christopher Gee