JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On April 3, 2007, the petitioner, Jerold James, commenced this procedendo action against the respondent, Judge Kenneth Callahan, to compel the judge to rule on a postconviction relief petition which James filed in the underlying case, State v. James, Cuyahoga County Common Pleas Court Case No. CR-436676. James asserts that he filed his petition on October 5, 2006, and moved for summary judgment on the petition on June 27, 2006. He further alleges that the petition attacks his unconstitutional sentencing under Blakely v. Washington (2004),542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403, and its progeny. For the following reasons, this court dismisses James' complaint for procedendo.
 {¶ 2} The docket in the underlying case shows that James filed a petition for postconviction relief on August 28, 2006, that the state moved to dismiss the petition on September 7, and that James filed a reply to the state's motion on October 23, 2006. The respondent judge issued the following journal entry on September 19, 2006: "Defendant's petition for post conviction relief is denied. Motion was filed beyond time perametors (sic) set forward in ORC 2953.21(A)(1)(A). The court determines that contrary to the assertion of petitioner, State v.Foster (2006) 109 OH ST.3d confers no new federal or state rights and specifically applied retrospectively only to cases on direct appeal. Id at 104." The docket further shows that James filed only one postconviction relief petition in 2006. *Page 4 
 {¶ 3} Thus, the docket establishes that the respondent judge has fulfilled his duty to issue findings of fact and conclusions of law to resolve James' postconviction relief petition, and James has received his requested relief, a resolution to his petition. The judge's concise findings and conclusions satisfy the statutory requirements. State exrel. Carrion v. Harris (1988), 40 Ohio St.3d 19, 530 N.E.2d 1330. Therefore, James' application for a writ of procedendo is moot.
 {¶ 4} Additionally, James failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc. R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. He also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This is also sufficient reason to deny the writ, deny indigency status, and assess costs against the petitioner.State ex rel. Pamer v. Collier, 108 Ohio St.3d 492, 2006-Ohio-1507,844 N.E.2d 842 and State ex rel. Hunter v. Cuyahoga County Court of CommonPleas, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.
 {¶ 5} Accordingly, this court dismisses the application for a writ of procedendo. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B). *Page 5 
 SEAN C. GALLAGHER, J., and ANN DYKE, J., CONCUR *Page 1