{¶ 1} Relator, William Mayes, is the defendant in State v. Mayes, Cuyahoga County Court of Common Pleas Case No. CR-422426, which has been assigned to respondent judge. Mayes requests that this court compel respondent to proceed to judgment on the "notice to void and vacate judgment because plaintiff was not served notice of judgment of October 17, 2006: Pursuant to Civil Rule 58(B)" ["notice to void and vacate judgment"] filed by Mayes on February 22, 2007.
 {¶ 2} In the "notice to void and vacate judgment," Mayes stated that he did not receive service of the October 17, 2006 journal entry denying Mayes' motion to vacate judgment. He contends that he is entitled to relief in procedendo to compel *Page 3 
respondent to issue an order in response to Mayes' "notice to void and vacate judgment."
 {¶ 3} Respondent filed a motion to dismiss. The attachments to the motion to dismiss include copies of: the February 22, 2007 "notice to void and vacate judgment"; the October 17, 2006 journal entry denying Mayes' motion to vacate judgment; and the August 25, 2008 journal entry directing the clerk to serve a copy of the October 17, 2006 journal entry on Mayes. Respondent argues that this action is, therefore, moot. We agree.
 {¶ 4} Mayes opposes respondent's motion to dismiss, however, and contends that he is entitled to relief in procedendo "in order to be permitted access to the appellate process * * *." Motion to Amend Relator's Writ of Procedendo, Ad Damnum Clause. Yet, he did not commence an appeal after respondent issued his August 25, 2008 order instructing the clerk to serve Mayes with a copy of the October 17, 2006 order. Regardless, Mayes has received the relief he requested. Respondent has issued an order in response to the "notice to void and vacate judgment." As a consequence, Mayes' request for relief in procedendo is moot.
 {¶ 5} Additionally, we note that dismissal is appropriate in this case despite the fact that the motion to dismiss presents matters outside the pleading. Civ. R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v. LorainCorrectional Inst (1992), 64 Ohio St.3d 470, 472, *Page 4 
597 N.E.2d 92,94." State ex rel. Nelson v. Russo (2000), 89 Ohio St.3d 227, 228,2000-Ohio-141, 729 N.E.2d 1181. As a consequence, we take judicial notice of the mootness of this action in light of the filing of the August 25, 2008 journal entry by the court of common pleas.
 {¶ 6} We also note that Mayes failed to file an affidavit specifying the details of the claim as required by Loc. App. R. 45(B)(1)(a). This defect alone requires dismissal of the complaint. Morris v. Bur. ofSentence Computation, Cuyahoga App. No. 89517, 2007-Ohio-1444.
 {¶ 7} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Complaint dismissed.
 JAMES J. SWEENEY, A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1