JOURNAL ENTRY AND OPINION
{¶ 1} On December 29, 2008, petitioner, Anthony Jones, filed an original action in prohibition against Judge Timothy McGinty and Gerald McFaul. In his petition, Jones asks this court to issue a writ directing Judge McGinty to vacate his order of December 4, 2008 whereby he sentenced Jones to six months imprisonment for violating community control sanctions, and for a writ that bars McFaul from enforcing Judge McGinty's sentencing order. Thereafter, on January 20, 2009, respondents filed a motion for summary judgment which Jones did not respond to. For the following reasons, we grant the motion for summary judgment. *Page 3 
 {¶ 2} Initially, we note that the petition is fatally defective. A statement that merely verifies that relator has reviewed the petition and that the contents are true and accurate does not "specify the details of his claim" as required by Local Rule 45(B)(1)(a). This failure alone subjects the petition to dismissal. State ex rel. Santosv. McDonnell, Cuyahoga App. No. 90659, 2008-Ohio-214; Turner v.Russo, Cuyahoga App. No. 87852, 2006-Ohio-4490.
 {¶ 3} Notwithstanding the above, in order to be entitled to a writ of prohibition, relators must establish that the respondent will or is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin,80 Ohio St.3d 335, 1997-Ohio-0202, 686 N.E.2d 267; State ex rel. Largent v.Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. In addition, an adequate remedy at law will preclude relief in prohibition. State exrel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382;State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85,218 N.E.2d 428. Furthermore, prohibition does not lie unless the relator clearly demonstrates that the court has no jurisdiction of the cause or the court is about to exceed its jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E. 2d 571. Finally, prohibition must be used with great caution and should not be used in doubtful cases. State ex rel. Merion v. Tuscarawas Cty. Court of CommonPleas (1940), 137 Ohio St. 273, 28 N.E.2d 641. *Page 4 
 {¶ 4} The facts in this matter do not appear to be in contention. On December 3, 2008 Jones entered a guilty plea to theft in the case ofState v. Jones, Cuyahoga County Court of Common Pleas, Case No. CR-431985 and was sentenced to three years of community control sanctions. One of the conditions of his sentence was to make restitution in the amount of $50,000 in equal monthly payments. On January 1, 2006 Judge McGinty modified the court's restitution order based upon Jones' previous restitution payment of $24,000. Thereafter, on November 22, 2006 Judge McGinty extended Jones' community control to December 3, 2008. On November 13, 2008 Jones was found to be in violation of his community control sanctions and was sentenced on December 2, 2008 to six months in the Lorain Correctional Institution. The journal entry sentencing Jones to six months was not journalized until December 4, 2008. Based upon that journalization date, Jones argues that since entry was not journalized until after his probationary period ended, the entry is void and unenforceable and thus he is entitled to a writ of prohibition.
 {¶ 5} After reviewing this matter, we find that Jones has not clearly demonstrated to this court that he is entitled to a writ of prohibition. We further find that Jones has an adequate remedy at law by way of appeal.[1] Consequently, we grant respondents' motion for summary judgment and deny the writ. Relator to bear *Page 5 
costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
Writ denied.
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., concur
[1] A review of this court's docket indicates that Jones has appealed Judge McGinty's ruling in Cuyahoga App. No. 92622. *Page 1