[Cite as *Smith v. McClelland*, 2012-Ohio-2518.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98123**

## ALFONSO SMITH

RELATOR

vs.

## JUDGE ROBERT C. McCLELLAND

RESPONDENT

**JUDGMENT:
WRIT DENIED**

Writ of Procedendo
Motion No. 454069
Order No. 455161

**RELEASE DATE:** June 4, 2012

**FOR RELATOR**

Alfonso Smith, pro se
Inmate No. 601-802
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio 43301-1812

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} Alfonso Smith has filed a complaint for a writ of procedendo. Smith seeks an order from this court that requires Judge Robert C. McClelland to issue rulings with regard to a petition for a writ of habeas corpus and a "hybrid" motion to challenge the selection of the grand jury as originally filed in *State v. Smith*, Cuyahoga C.P. Case No. CR-537931.[1] Judge McClelland has filed a motion for summary judgment, which we grant for the following reasons.

{¶2} Initially, we find that Smith's complaint for a writ of procedendo is procedurally defective. Loc.App.R. 45(B)(1)(a) provides that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of Smith's claim. A simple statement that verifies that Smith has reviewed the complaint and that the contents are true and accurate does not satisfy the mandatory requirement under Loc.App.R. 45(B)(1)(a). *State ex rel. Jones v. McGinty*, 8th Dist. No. 92602, 2009-Ohio-1258; *State ex rel. Mayes v. Ambrose*, 8th Dist. No. 91980, 2009-Ohio-25; *James v. Callahan*, 8th Dist. No. 89654, 2007-Ohio-2237.

{¶3} In addition, we find that Smith is not entitled to a writ of procedendo. Attached to Judge McClelland's motion for summary judgment is a copy of a journal

---

[1]Pursuant to Civ.R. 25(D)(1), Judge Robert C. McClelland is substituted for the judge that was originally assigned to the underlying criminal case.

entry that demonstrates that a ruling was rendered, on September 17, 2010, with regard to Smith's petition for a writ of habeas corpus. In addition, Smith's "hybrid" motion, to challenge the selection of the grand jury, must be deemed denied upon disposition of the underlying criminal action. Smith entered a plea of guilty to one count of gross sexual imposition on April 18, 2011, which rendered any pending motion deemed as denied. *State ex rel. Harris v. Sheehan*, 8th Dist. No. 93516, 2009-Ohio-4196; *State v. Whitaker*, 8th Dist. No. 83824, 2004-Ohio-5016. Thus, Smith's complaint for a writ of procedendo is moot. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220.

{¶4} Accordingly, we grant Judge McClelland's motion for summary judgment. Smith to pay costs. The court directs the clerk of court to serve notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶5} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR