[Cite as *State ex rel. Jennings v. Montgomery*, 2012-Ohio-3088.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98222

---

## STATE OF OHIO, EX REL., TALBERT JENNINGS

RELATOR

vs.

## K.J. MONTGOMERY, AS JUDGE OF, ETC.

RESPONDENT

---

### JUDGMENT:
### COMPLAINT DISMISSED

---

Writ of Mandamus
Motion No. 454597
Order No. 456022

**RELEASE DATE:**   July 2, 2012

**FOR RELATOR**

Talbert Jennings, pro se
3960 Rosemond Rd.
Cleveland Heights, Ohio    44121


**ATTORNEYS FOR RESPONDENT**

William M. Ondrey Gruber, Interim Director of Law
C. Randolph Keller
Chief Prosecutor/Assistant Director of Law
City of Shaker Heights
3400 Lee Road
Shaker Heights, Ohio    44120

EILEEN A. GALLAGHER, J.:

{¶1} Talbert Jennings has filed a complaint for a writ of mandamus. Jennings seeks the following: (1) Judge K.J. Montgomery be ordered to release and return a $525 cash bond; and (2) the declaration that "the Shaker Heights Municipal Court's bond form [is] null and void based on it being vague and ambiguous so that it cannot continue to be used against literacy challenged individuals, including [Jennings] who did not fully comprehend it." Judge Montgomery has filed a motion to dismiss, which we grant for the following reasons.

{¶2} On December 5, 2011, Jennings posted a cash bond in the amount of $525 with the Shaker Heights Municipal Court in order to insure the appearance of his granddaughter, Lashai Yvonne Maul Jennings, in *Univ. Hts. v. Jennings*, Shaker Heights Municipal Court Case No. 11TRD04249. On December 13, 2011, Lashai Jennings entered a plea of no contest and was found guilty of a traffic offense and contempt. The bond was then applied toward her fines and costs.

{¶3} Through his complaint for a writ of mandamus, Jennings argues that his failure to fully comprehend and understand that the posted bond could be employed to satisfy any fine or costs on behalf of Lashai Jennings, requires the return of the full amount of the bond. In addition, Jennings seeks a declaration that the language contained within the application form associated with the bond posted on behalf of Lashai

Jennings, which permits the "use of said bond to pay any fines and costs per Ohio Revised Code Section 2937.40(B)," is void and ambiguous and prevents its future application.

{¶4} Initially, we find that Jennings's complaint for a writ of mandamus is procedurally defective. Loc.App.R. 45(B)(1)(a) provides that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of Jennings's claim. A simple statement that verifies that Jennings has reviewed the complaint and that the contents are true and accurate does not satisfy the mandatory requirement under Loc.App.R. 45(B)(1)(a). *State ex rel. Jones v. McGinty*, 8th Dist. No. 92602, 2009-Ohio-1258; *State ex rel. Mayes v. Ambrose*, 8th Dist. No. 91980, 2009-Ohio-25; *James v. Callahan*, 8th Dist. No. 89654, 2007-Ohio-2237.

{¶5} In addition, Jennings's complaint for a writ of mandamus is moot. Attached to the motion to dismiss is a copy of a judgment entry journalized on April 19, 2012, which demonstrates that the bond posted by Jennings, in the total amount of $525, was ordered returned. *See State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman*, 6 Ohio St.3d 5, 450 N.E.2d 1163 (1983).

{¶6} Finally, Jennings, through his complaint for mandamus, seeks to prevent the Shaker Heights Municipal Court from using posted bond monies to pay for costs and fines on the basis that the language contained within the bond application form is vague and void. However, mandamus may not be employed when the real objective is a

declaratory judgment and a prohibitory injunction.  Thus, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.  *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97; *State ex rel. Phillips v. Lorain Cty. Bd. of Elections*, 93 Ohio St.3d 535, 757 N.E.2d 319 (2001); *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 716 N.E.2d 704 (1999).

{¶7}  Accordingly, we grant Judge Montgomery's motion to dismiss.  Jennings to pay costs.  The court directs the clerk of court to serve notice of this judgment and its date of entry upon all parties as required by Civ.R. 58(B).

{¶8}  Complaint dismissed.

---

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR