[Cite as *State ex rel. Hopson v. Cuyahoga Cty. Common Pleas Court*, 2012-Ohio-5701.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
### No. 99053

---

# STATE EX REL. JEFFERY HOPSON

RELATOR

vs.

# CUYAHOGA COUNTY COMMON PLEAS COURT

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus and/or Procedendo
Motion No. 460082
Order No. 460477

**RELEASE DATE:** December 5, 2012

**FOR RELATOR**

Jeffery Hopson, pro se
Inmate No. 341-371
Toledo Correctional Institution
2001 East Central Avenue
Toledo, OH   43608

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Jeffery Hopson has filed a complaint for a writ of mandamus and/or procedendo.

Hopson seeks an order from this court that requires the Cuyahoga County Court of Common

Pleas to issue a "sentencing opinion" as mandated by R.C. 2929.03(F).   Specifically, Hopson

argues that his conviction for aggravated murder and the imposition of life imprisonment required that the panel of three judges that presided over his trial state in a separate opinion the specific findings of which of the mitigating factors set forth in division (B) of R.C. 2929.04 it found to exist, what aggravating circumstances Hopson was found guilty of committing, and why the panel of three judges could not find that the aggravating circumstances were sufficient to outweigh the mitigating factors. The Cuyahoga County Court of Common Pleas has filed a motion for summary judgment, which we grant for the following reasons.

{¶2} Initially, we find that Hopson's complaint for a writ of mandamus and/or procedendo is procedurally defective. Loc.App.R. 45(B)(1)(a) provides that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of Hopson's claim. A simple statement that verifies that Hopson has reviewed the complaint and that the contents are true and accurate does not satisfy the mandatory requirement under Loc.App.R. 45(B)(1)(a). *State ex rel. Jones v. McGinty*, 8th Dist. No. 92602, 2009-Ohio-1258; *State ex rel. Mayes v. Ambrose*, 8th Dist. No. 91980, 2009-Ohio-25; *James v. Callahan*, 8th Dist. No. 89654, 2007-Ohio-2237.

{¶3} Finally, attached to the motion for summary judgment is a copy of the sentencing journal entry, as executed by the panel of three judges in Cuyahoga C.P. No. CR-344107, which was journalized on June 20, 1997. The Cuyahoga County Court of Common Pleas

fully complied with the requirements of R.C. 2929.03(F) because it issued a sentencing opinion and a separate sentencing journal entry. Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220.

{¶14} Accordingly, we grant the motion for summary judgment. Hopson to pay costs. The court directs the clerk of the court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶15} Writ denied.

_____
SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR