[Cite as *State ex rel. Turner v. Corrigan*, 2013-Ohio-4714.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100102**

---

## STATE OF OHIO, EX REL. DONALD TURNER

RELATOR

vs.

## BRIAN J. CORRIGAN, JUDGE

RESPONDENT

---

**JUDGMENT:**
WRIT DENIED

---

Writ of Mandamus
Motion No. 467276
Order No. 468813

**RELEASE DATE:** October 22, 2013

**FOR RELATOR**

Donald Turner, pro se
Inmate No. 514-553
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio   45036


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Relator, Donald Turner, commenced this mandamus action against the respondent, Judge Brian J. Corrigan, seeking to compel him to conduct a de novo resentencing hearing in *State v. Turner*, Cuyahoga C.P. No. CR-453056-A, pursuant to *State v. Turner*, 8th Dist. Cuyahoga No. 88958, 2007-Ohio-5732 ("*Turner I*"). Respondent has moved for summary judgment based on a pleading defect and pursuant to the doctrine of res judicata and mootness. Respondent submitted copies of relator's petition for writ of mandamus that was filed in the Ohio Supreme Court on November 5, 2012, respondent's motion to dismiss that action, and the Ohio Supreme Court's entry of dismissal filed January 23, 2013. Turner has opposed the summary judgment motion. For the reasons that follow, we grant respondent's motion for summary judgment and deny Turner's petition for a writ of mandamus.

**{¶2}** Turner was convicted of robbery in 2006, and the trial court's original sentencing entry was journalized on October 20, 2006. Turner appealed and this court affirmed his conviction but remanded the matter for a new sentencing hearing because the trial court had not properly advised him of postrelease control. *Turner I*, 2007-Ohio-5732, ¶ 57.

**{¶3}** On remand, the trial court conducted further proceedings and issued an entry that was journalized on May 30, 2008. Turner again appealed. *State v. Turner*, 8th Dist. Cuyahoga No. 91695, 2008-Ohio-6648 ("*Turner II*"). During the pendency of the appeal in *Turner II*, this court issued a limited remand order directing the trial court to execute a

sentencing entry that disposed of all of the counts in the indictment and included a sentence and the means of conviction. The court issued a new sentencing entry on November 11, 2012, which was made part of the appellate record in *Turner II*. In his second assignment of error in *Turner II*, Turner alleged that the trial court had failed to impose any statutorily mandated sentence. That assignment of error was overruled because Turner had failed to include a copy of the sentencing transcript in the record, and the trial court's judgment was accordingly affirmed. A discretionary appeal of *Turner II* was disallowed by the Ohio Supreme Court. *State v. Turner*, 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655.

{¶4} On November 5, 2012, Turner filed a petition for a writ of mandamus in the Ohio Supreme Court. *State ex rel. Turner v. Stewart*, 134 Ohio St.3d 1413, 2013-Ohio-158, 981 N.E.2d 881. In his third ground for mandamus relief, Turner sought the same relief he is seeking in this action — an order compelling the trial court to enter a judgment pursuant to *Turner I*. Respondent judge moved for dismissal of Turner's petition on multiple grounds, including that the third request for relief was moot because Turner had already completed his sentence. The Ohio Supreme Court granted the motion and dismissed Turner's petition for a writ of mandamus. *Id*.

{¶5} Respondent moves for summary judgment in this original action arguing that Turner's petition is defective for failure to comply with Loc.App.R. 45(B)(1)(a). Turner maintains that his affidavit is in compliance with the rule.

{¶6} Loc.App.R. 45(B)(1)(a) provides that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of relator's claim. A simple statement that verifies that relator has reviewed the complaint and that the contents are true and accurate does not satisfy the mandatory requirement under Loc.App.R. 45(B)(1)(a). *State ex rel. Jones v. McGinty*, 8th Dist. Cuyahoga No. 92602, 2009-Ohio-1258; *State ex rel. Mayes v. Ambrose*, 8th Dist. Cuyahoga No. 91980, 2009-Ohio-25; *James v. Callahan*, 8th Dist. Cuyahoga No. 89654, 2007-Ohio-2237.

{¶7} The Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the local rule. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402. On that basis, Turner has failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *Id.*; *State ex rel. Wilson v. Calabrese*, 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996). This is grounds for dismissing the petition.

{¶8} Further, Turner had an adequate remedy at law through a direct appeal, and he has already unsuccessfully sought to obtain the same relief through his petition for a writ of mandamus that has been dismissed by the Ohio Supreme Court. Therefore, his petition for a writ of mandamus must be denied. *State ex rel. Voleck v. Powhatan Point,* 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 7 ("Mandamus will not issue when the relators have an adequate remedy in the ordinary course of law"); *State ex rel.*

*Hondo v. McGinty*, 8th Dist. Cuyahoga No. 94915, 2010-Ohio-2900, ¶ 4 (holding that the appellate court must grant the motion for summary judgment and deny relief in an original action where the relator had previously sought the same relief in a complaint that has been dismissed by the Ohio Supreme Court).

{¶9} Respondent's motion for summary judgment is granted, and the petition for writ of mandamus is denied.   Relator to pay costs.   The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10} Writ denied.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR