[Cite as *State ex rel. Dines v. Villanueva*, 2013-Ohio-5137.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100381**

# STATE OF OHIO EX REL. NOAH DINES

RELATOR

vs.

# JUDGE JOSE VILLANUEVA

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 468939
Order No. 469650

**RELEASE DATE:** November 15, 2013

**FOR RELATOR**

Noah Dines, pro se
Inmate No. 521522
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    James E. Moss
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Noah Dines, relator, has petitioned this court to issue a writ of mandamus to compel the trial court to rule on motions he filed in *State v. Dines*, Cuyahoga C.P. No. CR-479797-A. Specifically, relator seeks to compel rulings on the following motions: a motion to withdraw guilty plea filed on February 4, 2013; a "motion for issuance of a final appealable order and vacation of sentence" filed on February 25, 2013; and a motion for "establishment of date certain for oral hearing, appointment of counsel and issuance of a final appealable order" filed on March 18, 2013. Respondent has filed a motion for summary judgment based on pleading deficiencies and mootness. For the reasons that follow, we grant respondent's motion for summary judgment and deny relator's complaint for writ of mandamus.

{¶2} Loc.App.R. 45(B)(1)(a) provides that a complaint for an extraordinary writ must be supported by a sworn affidavit that specifies the details of relator's claim. A simple statement that verifies that relator has reviewed the complaint and that the contents are true and accurate does not satisfy the mandatory requirement under Loc.App.R. 45(B)(1)(a). *State ex rel. Jones v. McGinty*, 8th Dist. Cuyahoga No. 92602, 2009-Ohio-1258; *State ex rel. Mayes v. Ambrose*, 8th Dist. Cuyahoga No. 91980, 2009-Ohio-25; *James v. Callahan*, 8th Dist. Cuyahoga No. 89654, 2007-Ohio-2237.

{¶3} The Supreme Court of Ohio upheld this court's ruling that merely stating in an affidavit that the complaint was true and correct was insufficient to comply with the

local rule. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402. On that basis, relator has failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *Id.*; *State ex rel. Wilson v. Calabrese*, 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

{¶4} Relator has further failed to comply with R.C. 2969.25 by failing to file an affidavit detailing his prior civil filings. The Ohio Supreme Court has held, "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Noncompliance with R.C. 2969.25 warrants dismissal. *State ex rel. Graham v. Niemeyer*, 106 Ohio St.3d 466, 466-467, 2005-Ohio-5522, 835 N.E.2d 1250.

{¶5} R.C. 2969.25(C) requires an inmate who is seeking waiver of prepayment of the court's full filing fee to file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. Relator's failure to comply with R.C. 2969.25(C) warrants dismissal of his complaint. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 685 N.E.2d 1242 (1997).

{¶6} The complaint is also moot. Respondent's motion for summary judgment includes an attached copy of the trial court's entry that was journalized on October 2, 2013, which demonstrates that a ruling has been rendered with regard to relator's motions, which were granted in part. The trial court has scheduled the matter for a

limited resentencing hearing. "[R]elief is unwarranted because mandamus and procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 4.

{¶7} Accordingly, we grant respondent's motion for summary judgment and deny relator's complaint for writ of mandamus. Costs are assessed against relator, but waived. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writ denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR