[Cite as *State ex rel. Fuller v. Friedland*, 2014-Ohio-405.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100643**

# STATE OF OHIO, EX REL. MICHAEL FULLER

RELATOR

vs.

# JUDGE CAROLYN B. FRIEDLAND

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 470603
Order No. 471606

**RELEASE DATE:**     February 3, 2014

**RELATOR**

Michael Fuller, pro se
Inmate No. 257390
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Relator, Michael Fuller, seeks a writ of mandamus in order to compel the respondent, Judge Carolyn B. Friedland, to conduct a resentencing hearing in his underlying cases of *State v. Fuller*, Cuyahoga C.P. Nos. CR-276787 and CR-277973. The respondent has filed a motion to dismiss, which Fuller has not opposed and we grant for the following reasons.

{¶2} Fuller has pursued numerous state and federal actions and appeals relating to his 1993 convictions for rape, aggravated burglary, attempted felonious assault, and felonious assault. He now seeks a writ of mandamus based on this court's 1993 decision that affirmed his convictions on appeal. *State v. Fuller*, 8th Dist. Cuyahoga Nos. 63987 and 63988, 1993 Ohio App. LEXIS 5192 (Oct. 28, 1993).

{¶3} The requisites for mandamus are well established: 1) the relator must establish a clear legal right to the requested relief; 2) the respondent must possess a clear legal duty to perform the requested relief; and 3) the relator does not possesses nor possessed an adequate remedy at law. *State ex rel. Tran. v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

{¶4} In regard to the first two elements required for mandamus, Fuller appears to be relying on language contained on the last page of the opinion that provided "Case remanded to the trial court for resentencing." However, the decision decisively overruled all of Fuller's assignments of error and affirmed his convictions. The plain language of the opinion establishes that the phrase upon which Fuller relies was an obvious clerical error. In fact, the opinion clearly provides as follows:

Appellant, in his third assignment of error, avers that the trial court's sentence is in violation of R.C. 2929.41(E)(3). The state does not contest this assignment of error.

\* \* \*

In the present case, the trial court sentenced appellant to a minimum term of imprisonment of twenty years, a term clearly in excess of R.C. 2929.41(E)(3) limits. However, reversible error is not found where a trial court's sentence exceeds the minimum established for consecutive terms since R.C. 2929.41(E)(3) is a self-executing statute which automatically limits the aggravated minimum term to fifteen years. *State v. White* (1985), 18 Ohio St.3d 340, 341. Therefore, this court need not remand this case for resentencing or modify appellant's sentence. *Id.; State v. Slider* (1980), 70 Ohio App.2d 283, 289.

Appellant's third assignment of error is overruled.

Judgment affirmed.

*Fuller*, 1993 Ohio App. LEXIS 5192 (Emphasis added.)

{¶5} Indeed, several courts, including this court, have since reviewed the issue concerning the minimum established consecutive term of R.C. 2929.41(E)(3) and found that the statute is self-executing and that a 15-year minimum term has been applied to Fuller's case. *Fuller v. Mohr*, 8th Dist. Cuyahoga No. 98477, 2012-Ohio-4828, ¶ 9 (applying res judicata to Fuller's claims because the Franklin County Court of Common Pleas has "recognized that the aggregate minimum sentence was capped at 15 years, but found Fuller's contention that he should be released after 15 years to be without merit").

{¶6} In 1993, this court explicitly found that there was no need to remand the case for resentencing, overruled all of Fuller's assigned errors, and affirmed his convictions. The statement to the contrary in another portion of the opinion was an obvious clerical error, subject to correction or clarification. *See, e.g., Brennaman v. R.M.I. Co.*, 71 Ohio

St.3d 1211, 643 N.E.2d 138 (1994) (granting a motion for clarification and correcting the last sentence of the majority opinion). Fuller has failed to establish that he has a clear legal right to be resentenced or that respondent has any duty to resentence him. Consequently, his petition for a writ of mandamus must be denied.

{¶7} Fuller's petition has also failed to comply with Loc.App.R. 45(B)(1)(a). This court has previously addressed the same defect in a previous action Fuller filed with this court in *State ex rel. Fuller v. Friedland*, 8th Dist. Cuyahoga No. 76750, 1999 Ohio App. LEXIS 4856 (Oct. 14, 1999), citing *State ex rel. Sherills v. Court of Common Pleas*, 8th Dist. Cuyahoga No. 69707 (Dec. 1, 1995) ("failure to provide this court with a supporting affidavit warrants dismissal"). A simple statement that verifies that relator has reviewed the complaint and that the contents are true and accurate does not satisfy the mandatory requirement under Loc.App.R. 45(B)(1)(a). *State ex rel. Jones v. McGinty*, 8th Dist. Cuyahoga No. 92602, 2009-Ohio-1258; *State ex rel. Mayes v. Ambrose*, 8th Dist. Cuyahoga No. 91980, 2009-Ohio-25; *James v. Callahan*, 8th Dist. Cuyahoga No. 89654, 2007-Ohio-2237.

{¶8} Accordingly, we grant respondent's unopposed motion to dismiss. Costs are assessed against relator. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Complaint dismissed.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR