THE STATE EX REL. FONTANELLA, APPELLANT, *v.* KONTOS, JUDGE, APPELLEE.

[Cite as *State ex rel. Fontanella v. Kontos,*
117 Ohio St.3d 514, 2008-Ohio-1431.]

(No. 2007–2102—Submitted March 26, 2008—Decided April 2, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for writs of procedendo and mandamus to compel a common pleas court judge to rule on various motions in an action for a breach of contract. Because the judge has ruled on these motions, we affirm the judgment of the court of appeals.

{¶ 2} Appellee, Trumbull County Common Pleas Court Judge Peter J. Kontos, presided over an action for breach of contract filed by appellant, Dominic F. Fontanella. From 2000 through 2007, Fontanella filed various motions in the case, including a motion for default judgment. In September 2004, Judge Kontos entered summary judgment in favor of the defendant in the case. In April 2007, Judge Kontos denied all of Fontanella's motions that were still pending as "pointless, frivolous, and otherwise moot."

{¶ 3} Fontanella subsequently filed a petition in the Court of Appeals for Trumbull County for a writ of procedendo or a writ of mandamus to compel Judge Kontos to rule on his motions in the case. Judge Kontos filed a motion to dismiss the petition because he had already ruled on the motions. He attached a

copy of his April 2007 judgment. The court of appeals granted the judge's motion and dismissed the petition.

{¶ 4} This cause is now before the court upon Fontanella's appeal as of right.

{¶ 5} The court of appeals correctly dismissed Fontanella's petition.

{¶ 6} " 'Neither procedendo nor mandamus will compel the performance of a duty that has already been performed.' " *State ex rel. Howard v. Doneghy,* 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 6, quoting *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663. Judge Kontos has already ruled on Fontanella's motions through his entries in 2004 and 2007. See *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 299, 300, 714 N.E.2d 922 (mandamus will not lie to compel judge to rule on pretrial motion that was presumptively overruled when judgment was entered).

{¶ 7} Moreover, insofar as Fontanella claims that Judge Kontos erred in denying his motion for default judgment in the underlying case, "neither mandamus nor procedendo can be used to control judicial discretion, even if * * * that discretion is abused." *State ex rel. Tenace v. Court of Claims* (2002), 94 Ohio St.3d 319, 322, 762 N.E.2d 1009.

{¶ 8} Finally, "neither a writ of procedendo nor a writ of mandamus will issue if an adequate remedy exists in the ordinary course of law." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 8. Fontanella had an adequate remedy in the ordinary course of law by way of appeal from the judge's rulings to raise his claims of error.

{¶ 9} Based on the foregoing, because Fontanella's claims for extraordinary relief in procedendo and mandamus lacked merit, we affirm the judgment of the court of appeals dismissing his petition. See generally *State ex rel. Non–Employees of Chateau Estates Resident Assn. v. Kessler,* 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Dominic F. Fontanella, pro se.

Dennis Watkins, Trumbull County Prosecuting Attorney, and LuWayne Annos, Assistant Prosecuting Attorney, for appellee.