[Cite as *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas,* 135 Ohio St.3d 456, 2013-Ohio-1911.]

THE STATE EX REL. HOPSON, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF
COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas,*
135 Ohio St.3d 456, 2013-Ohio-1911.]

*Criminal procedure—R.C. 2929.03(F) sentencing opinion—Local rule requiring
complaint to contain specific statements of fact and to be supported by an
affidavit specifying the details of the claim to commence an original
action—Mandamus and procedendo will not compel the performance of a
duty that has already been performed—Appellate court's denial of relief
affirmed.*

(No. 2012-2161—Submitted May 8, 2013—Decided May 15, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 99053, 2012-Ohio-5701.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying relief to
appellant, Jeffrey Hopson, on his complaint for a writ of mandamus and/or
procedendo. Hopson seeks to compel appellee, Cuyahoga County Court of
Common Pleas, to issue a sentencing opinion in his criminal case that complies
with R.C. 2929.03(F). That statute requires a court or a panel of three judges to
state "in a separate opinion" certain findings when imposing a sentence of life
imprisonment in a capital case. The Eighth District, on motion for summary
judgment by appellee, denied relief because Hopson's complaint failed to comply
with Loc.App.R. 45(B)(1)(a) and because appellee has already issued the
sentencing order.

**{¶ 2}** We have held that the Eighth District's reading of Loc.App.R. 45(B)(1) is reasonable and that it may dismiss a writ case that fails to comply with the requirement that an affidavit "specify[ ] the details of the claim." *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1; *see State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.,* 112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, ¶ 19. Here, Hopson's complaint was not accompanied by an affidavit specifying the details of the claim.

**{¶ 3}** Hopson claims that his complaint is in the form of an affidavit and that this should satisfy the rule. However, the rule is specific that the complaint must contain the specific statements of fact *and* that it must be supported by an affidavit specifying the details of the claim. Loc.App.R. 45(B)(1)(a). The Eighth District reasonably interprets its rule to require a complaint and a separate affidavit, and Hopson's hybrid document does not satisfy the rule. The court below was justified in denying relief on that ground alone. *See Leon* at ¶ 1.

**{¶ 4}** Moreover, the court below correctly reasoned that relief is unwarranted because mandamus and procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 6, citing *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 6. A copy of the R.C. 2929.03(F) entry, issued on June 20, 1997, was attached to appellee's motion for summary judgment below and now appears on the docket of Hopson's criminal case.

**{¶ 5}** Hopson argues in his reply brief that the entry had not been journalized, as required by law to be a final, appealable order. However, he appears to be confusing journalization—documented by the judge's signature and the stamp of the clerk of court—with appearance on the docket. The entry apparently did not appear on the electronic docket until recently, but that does not

mean that it had not been journalized. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997) ("Dockets and journals are distinct records kept by clerks"). *See also id.,* citing R.C. 2303.12 (the clerk of the court of common pleas "shall keep at least four books": the appearance docket, trial docket, journal, and execution docket).

{¶ 6} Relief in mandamus or procedendo is therefore inappropriate.

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Jeffrey Hopson, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____