[Cite as *Freed v. Bova*, 2013-Ohio-4378.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99908

---

# CURTIS FREED #140799

RELATOR

vs.

# SHERIFF BOVA

RESPONDENT

---

### JUDGMENT:
### WRIT DISMISSED

---

Writ of Mandamus
Motion Nos. 465844, 465869, 466153, 466154, and 467075
Order No. 467826

**RELEASE DATE:**    September 30, 2013

**FOR RELATOR**

Curtis Freed, Pro se
#140799
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio 44101


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} On May 20, 2013, the relator, Curtis Freed, commenced this mandamus action against the respondent, Cuyahoga County Sheriff Frank Bova, to compel the sheriff to provide access to the courts by providing notary services, writing materials, and access to legal materials. Freed stated that he wishes to contest the conditions of his confinement by commencing an action under 42 U.S.C. 1983. On June 14, 2013, the sheriff filed a motion to dismiss based on pleading deficiencies and adequate remedy at law.

{¶2} On June 26, 2013, Freed moved to amend his petition for mandamus by submitting an "affidavit" specifying the details of the claim and an "affidavit" of indigency. On the same day, he also filed a motion to grant petition for writ of mandamus that is actually a brief in opposition to the respondent's motion to dismiss. On August 1, 2013, Freed filed a motion to amend caption on the writ of mandamus that attached an "affidavit" of prior civil actions. For the following reasons, this court grants the sheriff's motion to dismiss, dismisses the application for a writ of mandamus, and denies Freed's various motions.

{¶3} Freed's petition suffers from multiple, fatal procedural defects. First, the petition is defective because it is improperly captioned. Freed styled this petition as "Curtis Freed #140799 v. Sheriff Bova." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient

grounds for dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶4} Loc.App.R. 45(B)(1)(a) requires all complaints for original actions to be supported by an affidavit specifying the details of the claim. R.C. 2969.25 requires an affidavit that describes each civil action or appeal filed by the petitioner within the previous five years in any state or federal court. R.C. 2969.25(C) requires that an inmate file a certified statement from the prison cashier setting forth the balance in the petitioner's private account for each of the preceding six months. The failure to comply with these pleading requirements is cause to dismiss the writ action, deny indigency status, and assess costs against the relator. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

{¶5} Freed, through his attachments and his motions to amend, endeavors to supply these affidavits.[1] However, none of them are notarized. Moreover, for purposes of a motion to dismiss, the court will accept as true his allegation that the sheriff

---

[1] In his prior lawsuit "affidavit," Freed states that he has not filed a civil action against a government entity or employee within the last five years. However, this court notes from its own docket that a Curtis Freed has filed two writ actions within five years of May 20, 2013: *State ex rel. Curtis Freed v. Judge Timothy McMonagle*, 8th Dist. Cuyahoga No. 91758, filed July 7, 2008, and *Curtis Freed v. Judge Timothy McMonagle*, 8th Dist. Cuyahoga No. 94643, filed February 8, 2010.

does not provide notary services.

**{¶6}** Nevertheless, the failure to submit properly notarized affidavits renders those efforts futile. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763, the Supreme Court of Ohio ruled:

> "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document." Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *.

The Supreme Court of Ohio then reversed the court of appeals' granting of the writ and awarding of relief and held that the cause should have been summarily dismissed because the petition was procedurally defective. Freed's "affidavits" in which he stated per 28 U.S.C. 1746 that his statements were made under penalty of perjury are ineffective and not proper affidavits under Ohio law. *Griffin v. McFaul*, 116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527. These deficiencies alone provide sufficient reason to dismiss the application.

**{¶7}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977). Furthermore, for purposes of mandamus, "the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch

of government, and courts are not authorized to create legal duty." *State ex rel. Bardwell v. Cleveland*, 126 Ohio St.3d 195, 2009-Ohio-3267, 931 N.E.2d 1080, ¶ 5. Finally, a relator must establish that his right to a writ of mandamus is plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 161, 228 N.E.2d 31 (1967).

{¶8} In the present case, Freed has cited no legal authority for his proposition that the sheriff of a city jail must provide notary services, writing materials, and access to legal materials. Thus, Freed has not sustained his burden to show entitlement to mandamus.

{¶9} In *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 637 N.E.2d 306 (1994), the relator commenced mandamus actions to compel the warden to provide, inter alia, access to adequate prison libraries, legal supplies, and notary services. The Supreme Court of Ohio ruled a 42 U.S.C. 1983 action provided an adequate remedy at law precluding relief in mandamus. The court also ruled that the relator's vague and conclusory allegations were insufficient to sustain his claim. *Douglas v. Money*, 85 Ohio St.3d 348, 1999-Ohio-381, 708 N.E.2d 697. Thus, mandamus will not issue because Freed has an adequate remedy at law.

{¶10} This court denies Freed's motions to amend to submit complying affidavits because his affidavits are not notarized and, thus, ineffective.

{¶11} In conclusion, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus. Relator to pay costs. This court

directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶12} Writ dismissed.

---

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR