[Cite as *State ex rel. Rivera v. Celebrezze*, 2014-Ohio-4940.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101684

**STATE EX REL. JORGE ORTIZ RIVERA**

RELATOR

vs.

**JUDGE LESLIE ANN CELEBREZZE, ET AL.**

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writ of Prohibition
Motion No. 477715
Order No. 479506

**RELEASED DATE:** October 31, 2014

-i-

**FOR RELATOR**

Jorge Ortiz Rivera, pro se
Inmate No. A633-896
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR RESPONDENT**

Timothy McGinty
Cuyahoga County Prosecutor

By: Charles E. Hannan
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Relator, Jorge Ortiz Rivera, has filed a complaint for a writ of prohibition. He seeks to prevent the respondent, Judge Leslie Ann Celebrezze, from enforcing the final divorce decree entered on September 24, 2012, in *Mendez v. Rivera*, Cuyahoga C.P. No. DR-12-342753. Respondent has moved for summary judgment and Rivera has filed a brief opposing respondent's motion.   For the following reasons, we grant respondent's motion for summary judgment and relators' complaint for a writ of prohibition is denied.

{¶2}   Relator contends that the final decree in the divorce proceeding should be vacated and not enforced based on his allegation that he was not served or notified of the divorce complaint. Although there is a notation of service on the court's docket, relator claims that the signature of Jorge Rivera on the return receipt is not his.

{¶3}   Respondent contends that relator's complaint should be dismissed for failing to comply with Loc.App.R. 45(B)(1)(a) and R.C. 2969.25. In addition, respondent maintains that Rivera is not entitled to a writ of prohibition because he has an adequate remedy at law.

{¶4}   "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. The Ohio Supreme Court held in *State ex rel. Hopson v. Cuyahoga Cty Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 2, that this court's reading of Loc.App.R. 45(B)(1) is reasonable and that we may dismiss a writ case "that fails to comply with the requirement that an affidavit 'specify[ ] the details of the claim.'" Relator has not offered any reason or argument for his failure to comply with Loc.App.R. 45(B)(1)(a) and R.C. 2969.25.   These defects subject the complaint to dismissal.   *State ex rel.*

*Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4 (the requirements of R.C. 2969.25 are mandatory and require strict compliance). In addition to the pleading deficiencies, relator has not established the requirements that are necessary for a writ of prohibition.

{¶5} In order for this court to issue a writ of prohibition, the relators are required to demonstrate each prong of the following three-part test: (1) respondent is about to exercise judicial power; (2) the exercise of judicial power by respondent is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). In addition, prohibition does not lie, if relator has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

{¶6} Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶7} However, when a court is patently and unambiguously without jurisdiction to act, the existence of an adequate remedy at law will not prevent the issuance of a writ of prohibition.

*State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). Nevertheless, absent a patent and unambiguous lack of jurisdiction, a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Also, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶8} Relator does not argue that respondent is or was patently or unambiguously without jurisdiction to preside over the divorce proceedings. Further, the divorce decree at issue was entered in 2012 and there is no allegation that respondent is about to exercise any judicial power at this time. Essentially, relator is seeking to have the final divorce decree vacated for failure of service through a writ of prohibition. He is not entitled to this remedy through a writ of prohibition because Civ.R. 60(B) and direct appeal provide an adequate means to seek this remedy in the ordinary course of the law. This court has held that "Civ.R. 60(B) is now the controlling law when a party seeks relief from judgment, including a judgment of divorce." *Bolivar v. Bolivar*, 8th Dist. Cuyahoga No. 49606, 1985 Ohio App. LEXIS 8849 *6 (Oct. 17, 1985), citing *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984); *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), *In re Watson*, 13 Ohio App.3d 344, 469 N.E.2d 876 (9th Dist.1983); *Sexton v. Sexton*, 60 Ohio App.2d 339, 397 N.E.2d 425 (5th Dist.1978); *Hartford v. Hartford*, 53 Ohio App.2d 79, 371 N.E.2d 591 (8th Dist.1977); *see also Corley v.*

*Sullivan-Busman*, 8th Dist. Cuyahoga No. 99420, 2013-Ohio-3909 (trial court abused its discretion by denying Civ.R. 60(B) motion where the movant's sworn statement that he never received service of the complaint was uncontested).

{¶9} Accordingly, respondent's motion for summary judgment is granted and the petition for a writ of prohibition is denied. Costs assessed against relator. The clerk of the Eighth District Court of Appeals is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶10} Writ denied.

---

PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR