[Cite as *State ex rel. Peoples v. Schneider*, 2015-Ohio-3207.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>David A. Peoples, | : | |
| | : | |
| Relator, | : | No. 15AP-437 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Judge Schneider, Court of Common<br>Pleas of Franklin County, Ohio, | : | |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on August 11, 2015

*David A. Peoples*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler*, for
respondent.

IN PROCEDENDO
ON MOTION TO DISMISS

HORTON, J.

{¶ 1} Relator, David A. Peoples, an inmate incarcerated at North Central
Correctional Institution, commenced this original action requesting this court to issue a
writ of procedendo ordering respondent, the Honorable Judge Charles Schneider, a judge
of the Franklin County Court of Common Pleas, to rule on relator's petition for post-
conviction relief filed in the common pleas court on January 6, 2015.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of
Appeals, this matter was referred to a magistrate who issued a decision on May 11, 2015,
including findings of fact and conclusions of law, which is appended hereto. The
magistrate recommended that this court dismiss relator's complaint due to relator's

failure to comply with R.C. 2969.25. Relator has not filed an objection to the magistrate's decision.

{¶ 3}   On May 7, 2015, respondent filed a motion to dismiss relator's complaint, asserting that relator's request for the writ of procedendo was moot, as respondent ruled on relator's petition for post-conviction relief on February 11, 2015. Respondent attached a copy of the February 11, 2015 decision and entry denying relator's petition for post-conviction relief to the motion to dismiss. It is well-established that procedendo does not lie to compel performance of a duty that has already been performed. *See State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, ¶ 6. Thus, as respondent has already ruled on relator's January 6, 2015 petition for post-conviction relief, relator is not entitled to a writ of procedendo.

{¶ 4}   Accordingly, we grant respondent's motion to dismiss, and dismiss relator's request for a writ of procedendo as moot.

*Action dismissed.*

BROWN, P.J. and DORRIAN, J., concur.

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel.                                    :
David A. Peoples,

                                                             :

       Relator,                                      :                    No. 15AP-437

                                                             :

v.                                                              (REGULAR CALENDAR)

                                                             :

Judge Schneider, Court of Common
Pleas of Franklin County, Ohio,          :

       Respondent.                            :

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on May 11, 2015

---

*David A. Peoples*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Scott J. Gaugler*, for respondent.

---

### IN PROCEDENDO
### ON SUA SPONTE DISMISSAL

{¶ 5}  In this original action, relator, David A. Peoples, an inmate of the North Central Correctional Institution ("NCCI") requests a writ of procedendo ordering respondent, the Honorable Charles A. Schneider, a judge of the Franklin County Court of Common Pleas to rule upon relator's petition for post-conviction relief allegedly filed in the common pleas court on January 6, 2015 in Franklin C.P. No. 01CR-4150.

Findings of Fact:

{¶ 6}  1. On April 22, 2015, relator, an NCCI inmate, filed this original action against respondent.

{¶ 7}  2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 8}  3. With his complaint, relator filed a document captioned "Affidavit of Indigence" which relator executed on April 16, 2015.

{¶ 9}  4. Relator did not file with his complaint a statement that sets forth the balance in his inmate account as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 10} 5. With his complaint, relator did file a document captioned "The Petitioner's Affidavit Pursuant to R.C. § 2969.25."  The affidavit was executed by relator on April 17, 2015.

{¶ 11} In the affidavit, relator avers:

> I have filed the following previous civil actions. #(1), A Writ of Mandamus, in the Ohio Supreme Court, at Columbus-Ohio., On (11/19/2013).  The writ was Dismissed on (01/22/2014).  No Sanction was imposed.

> #(2), A Writ of Mandamus, in the Tenth Appellate District Court of Appeals on (10/11/2013).  The Writ was Dismissed on (5/15/2014).  No Sanction was imposed.

{¶ 12} The affidavit executed April 17, 2015 fails to present a brief description of the nature of the civil action, fails to state the case name and case number in which the action was brought, and fails to name each party to the civil action.

Conclusions of Law:

{¶ 13} It is the magistrate's decision that this court sua sponte dismiss this action.

{¶ 14} R.C. 2969.25 provides:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  The affidavit shall include all of the following for each of those civil actions or appeals.

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other case and things of value owned by the inmate at that time.

{¶ 15} Here, by failing to file a statement that sets forth the balance in his inmate account as certified by the institutional cashier, relator has failed to meet a mandatory filing requirement set forth in R.C. 2969.25(C)(1) and, thus, this court must dismiss this action. Fuqua v. Williams, 100 Ohio St.3d 211, 2003-Ohio-5533; Hawkins v. S. Ohio Corr. Facility, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 16} Also, relator's affidavit executed April 17, 2015 that lists the two prior actions fails to comply with R.C. 2969.25(A) with respect to the two actions listed.

{¶ 17} That is, the two prior actions listed are identified only by the date of the filing of the action, the date of the dismissal, and the court in which the action was filed. Relator's affidavit fails to comply with the requirements of R.C. 2969.25(A). Thus, this court must also dismiss this mandamus action because relator has failed to comply with the mandatory filing requirements set forth in R.C. 2969.25(A).

{¶ 18} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action.


/S/ MAGISTRATE
KENNETH W. MACKE


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).