[Cite as *State ex rel. Ellis v. Burnside*, 2017-Ohio-658.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105120**

# STATE OF OHIO, EX REL. LDDARYL ELLIS

RELATOR

vs.

# THE HONORABLE JUDGE JANET R. BURNSIDE

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 502292
Order No. 503728

**RELEASE DATE:** February 22, 2017

**FOR RELATOR**

Lddaryl Ellis, pro se
Inmate No. A641-151
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio   44430


**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Lddaryl Ellis has filed a complaint for a writ of mandamus through which he seeks an order that requires Judge Janet R. Burnside to conduct a resentencing hearing in *State v. Ellis*, Cuyahoga C.P. No. CR-12-568532. Ellis argues that resentencing is mandated because Judge Burnside failed to impose postrelease control with regard to Count 9 (felonious assault — R.C. 2903.11(A)(2)) and Count 14 (aggravated riot — R.C. 2917.02(A)(2)). Judge Burnside has filed a motion for summary judgment that is granted for the following reasons.

**{¶2}** The Supreme Court of Ohio, in *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, established that a trial court is permitted, through a nunc pro nunc entry, to correct the original sentencing entry so long as postrelease control was properly imposed at the sentencing hearing.

> But when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through *a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.*

(Emphasis added.) *Id*. at ¶ 24.

**{¶3}** Attached to Judge Burnside's motion for summary judgment is a copy of the transcript of the sentencing hearing, held on April 12, 2013, which demonstrates that

Ellis was informed that postrelease control was applicable to Count 9 and also notified of the possible penalty involved for violation of postrelease control. (Tr. 730, exhibit E.)

{¶4} In addition, attached to Judge Burnside's motion for summary judgment is a copy of a nunc pro tunc sentencing journal entry, journalized on November 29, 2016, which demonstrates that postrelease control was imposed upon Ellis with regard to Count 9 in the corrected sentencing entry. (Exhibit D.) Ellis's request for a writ of mandamus is moot. Relief is unwarranted because mandamus will not compel the performance of a duty that has already been performed. *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49.

{¶5} It must also be noted that this court, in *State v. Ellis*, 8th Dist. Cuyahoga No. 99830, 2014-Ohio-116, reversed Ellis's conviction and sentence in part and remanded the appeal to vacate the conviction for Count 14. Upon remand and resentencing, Ellis's conviction for Count 14 was vacated. (Exhibit B.) Because no sentence exists with regard to Count 14, Judge Burnside possesses no duty to inform Ellis of the possibility of postrelease control with regard to Count 14.

{¶6} Accordingly, we grant Judge Burnside's motion for summary judgment. Costs to Ellis. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ denied.

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR