[Cite as *Warren v. Ohio*, 2018-Ohio-4212.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107387**

**DERRICK L. WARREN**

RELATOR

vs.

**STATE OF OHIO**

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 520743
Order No. 521512

**RELEASE DATE:** October 17, 2018

**FOR RELATOR**

Warren L. Derrick, pro se
Inmate No 621655
P.O. Box 56
Lebanon, Ohio  45036

**ATTORNEYS FOR RESPONDENT**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:  James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio  44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Derrick L. Warren has filed a complaint for a writ of mandamus. Warren seeks an order that requires a ruling with regard to a motion to withdraw guilty plea filed in *State v. Warren*, Cuyahoga C.P. Case No. CR-11-551985-A. For the following reasons, we deny Warren's request for a writ of mandamus and grant the motion for summary judgment filed by the Cuyahoga County Prosecutor.

**{¶2}** Initially, we find that the complaint is defective because it is improperly captioned. Warren styled this action as "*Derrick L. Warren v. State of Ohio*." Pursuant to R.C. 2731.04, a complaint for a writ of mandamus must be brought in the name of the state on relation of the person applying and cannot be captioned as a motion. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 689 N.E.2d 564 (1998); *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Warren has also failed to comply with Civ.R. 10(A), which requires that the complaint must include the addresses of all parties. *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 96866, 2011-Ohio-4831.

**{¶3}** In addition, Warren's complaint is procedurally defective because he has failed to comply with R.C. 2969.25(A) and 2969.25(C). Pursuant to R.C. 2969.25(A), an inmate that commences a civil action against a government entity or employee must file a sworn affidavit that contains a description of each civil action or appeal of a civil action filed in the previous five years in any state or federal court. *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830. R.C. 2969.25(C)(1) requires that Warren file a statement setting forth his inmate account balance "for each of the preceding six months as certified by the institutional cashier." Warren has failed to provide this court with a notarized affidavit that describes previously filed civil actions and a certified statement setting forth the balance in his inmate account. *Freed v.*

*Bova*, 8th Dist. Cuyahoga No. 99908, 2013-Ohio-4378; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490.

{¶4} Finally, attached to the motion for summary judgment are copies of judgment entries, journalized on August 2, 2018, and August 28, 2018, that demonstrate Warren's motion to withdraw his plea of guilty has been denied. Thus, Warren's request for a writ of mandamus is moot. "[R]elief is unwarranted because mandamus * * * will not compel the performance of a duty that has already been performed." *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49, ¶ 4. Also, mandamus may not be employed to control judicial discretion and compel the trial court judge to grant a motion to withdraw guilty plea. *Thompson v. State*, 8th Dist. Cuyahoga No. 99265, 2013-Ohio-1907.

{¶5} Accordingly, we grant the motion for summary judgment. Costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of its entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ denied.

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR