[Cite as *State v. Hall*, 2019-Ohio-2575.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,                :

    Respondent,                      :

                                           :       No. 108426

    v.                                        :

CORTEZ HALL,                          :

    Relator.                          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** June 25, 2019

---

Writ of Mandamus
Motion No. 527716
Order No. 528536

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

Cortez Hall, *pro se.*

ANITA LASTER MAYS, J.:

{¶ 1} Cortez Hall has filed a complaint for a writ of mandamus. Hall seeks an order from this court that requires Judge Deena R. Calabrese to render a ruling with regard to a "motion for sentence reduction" that was filed in *State v. Hall*,

Cuyahoga C.P. No. CR-17-616636.[1] Judge Calabrese has filed a motion for summary judgment that is granted for the following reasons.

{¶ 2} A review of the docket maintained in CR-17-616636 fails to demonstrate that Hall has filed a "motion for sentence reduction." Thus, Judge Calabrese possesses no duty to render a ruling with regard to Hall's "motion for sentence reduction." *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).

{¶ 3} Further review of the exhibits attached to the motion for summary judgment, the docket maintained in CR-17-616636, and a journal entry, journalized April 17, 2019, demonstrates that Judge Calabrese has rendered rulings with regard to Hall=s various motions: 1) motion to vacate court costs and fines – granted in part; 2) motion to vacate court costs – granted; 3) motion to vacate fines – denied; 4) motion for discovery – denied; and 5) postsentence motion to withdraw guilty plea – denied. Relief is unwarranted because mandamus will not compel the performance of a duty that has already been performed. *State ex rel. Williams v. Croce,* 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55*; State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989

---

[1]Hall has failed to name a respondent in the caption of his complaint for a writ of mandamus. A review of the docket, in CR-17-616636, demonstrates that Judge Deena R. Calabrese is the judge assigned to preside over the criminal case that is the subject of his complaint for a writ of mandamus.

N.E.2d 49; *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220. Herein, the request for relief is moot.

{¶ 4} Hall=s complaint is also procedurally defective because he has failed to comply with R.C. 2969.25(A) and 2969.25(C). Pursuant to R.C. 2969.25(A), an inmate that commences a civil action against a government entity or employee must file a sworn affidavit that contains a description of each civil action or appeal of a civil action filed in the previous five years in any state or federal court. *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830. R.C. 2969.25(C)(1) requires that Hall file a statement setting forth his inmate account balance Afor each of the preceding six months as certified by the institutional cashier.@ Hall has failed to provide this court with a notarized affidavit that describes previously filed civil actions and a certified statement setting forth the balance in his inmate account. *Freed v. Bova*, 8th Dist. Cuyahoga No. 99908, 2013-Ohio-4378; *Turner v. Russo*, 8th Dist. Cuyahoga No. 87852, 2006-Ohio-4490.

{¶ 5} We also find that Hall=s complaint is defective because it is improperly captioned. Hall styled this action as A*State of Ohio, ex rel. vs. Cortez Hall.*@ Pursuant to R.C. 2731.04, a complaint for a writ of mandamus must be brought in the name of the state on relation of the applying person. *Rust v. Hall Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 689 N.E.2d 564 (1998); *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶ 6} Finally, Hall has also failed to comply with Civ.R. 10(A), which requires that the complaint must include the addresses of all parties. *Bandy v. Villanueva*, 8th Dist. Cuyahoga No. 96866, 2011-Ohio-4831.

{¶ 7} Accordingly, we grant the motion for summary judgment. Costs to Hall; costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 8} Writ denied.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR