[Cite as *State ex rel. Calo v. Gallagher*, 2022-Ohio-3435.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.                    :
DENNIS CALO,

      Relator,                              :

                                     No. 111804

      v.                                    :

JUDGE HOLLIE GALLAGHER,                   :

      Respondent.                           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** September 27, 2022

---

Writ of Procedendo and Mandamus
Motion No. 557525
Order No. 558191

---

### *Appearances:*

Dennis Calo, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Dennis Calo, the relator, has filed a complaint for a writ of procedendo and mandamus. Calo seeks an order from this court that compels Judge Hollie Gallagher, the respondent, to render a ruling with regard to a motion to

"vacate illegal conviction and sentence" filed in *State v. Calo*, Cuyahoga C.P. No. CR-83-186387-B on October 28, 2019. Judge Gallagher has filed a motion for summary judgment that is granted.

{¶ 2} Attached to the motion for summary judgment is a copy of a judgment entry, journalized August 19, 2022, which demonstrates that Judge Gallagher has denied Calo's motion to vacate illegal sentence and conviction. Relief is unwarranted because the request for a writ of procedendo and mandamus is moot. Procedendo or mandamus will not compel the performance of a duty that has already been performed. *State ex rel. Ames v. Pokorny,* 164 Ohio St.3d 538, 2021-Ohio-2070, 173 N.E.3d 1208; *Thompson v. Donnelly*, 155 Ohio St.3d 184, 2018-Ohio-4073, 119 N.E.3d 1292; *State ex rel. S.Y.C. v. Floyd*, 8th Dist. Cuyahoga No. 109602, 2020-Ohio-5189. *See also State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55; *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49; *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220.

{¶ 3} In addition, Calo's complaint for procedendo and mandamus is defective. Calo has failed to comply with R.C. 2969.25(C), which mandates that the complaint contain a statement certified by the institutional cashier setting forth the balance in the inmate's account for the preceding six months per R.C. 2969.25(C). *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764. Finally, the failure to comply with R.C. 2969.25(C) cannot be cured by an amended

complaint. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581.

{¶ 4} Accordingly, we grant Judge Gallagher's motion for summary judgment. Costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ denied.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR