[Cite as *State ex rel. Quinonez v. Turner*, 2023-Ohio-1822.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
FRANK QUINONEZ,                         :

     Relator,                          :

                                      No. 112664

     v.                                :

JUDGE DEBORAH M. TURNER,
ET AL.,                                 :

     Respondent.                       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**RELEASED AND JOURNALIZED:** May 26, 2023

Writ of Procedendo
Motion No. 564135
Order No. 564597

***Appearances:***

Frank Quinonez, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondents*.

MARY EILEEN KILBANE, J.:

{¶ 1} Frank Quinonez, the relator, has filed a complaint for procedendo through which he seeks an order that requires Judge Deborah M. Turner, the

respondent, to render a ruling with regard to a motion to "take judicial notice Article II, Rule 201" filed on October 29, 2021, in *State v. Quinonez*, Cuyahoga C.P. Nos. CR-05-468743-A and CR-05-469210-A.[1] The respondent has filed a motion for summary judgment that is granted for the following reasons.

{¶ 2} Attached to the motion for summary judgment is a copy of a judgment entry, journalized May 3, 2023, which demonstrate that the respondent has denied Quinonez's motion to "take judicial notice Article II, Rule 201." Relief is unwarranted because procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55; *State ex rel. Hopson v. Cuyahoga Cty. Court of Common Pleas*, 135 Ohio St.3d 456, 2013-Ohio-1911, 989 N.E.2d 49; *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220.

{¶ 3} In addition, to be entitled to the issuance of a writ of procedendo, Quinonez must satisfy three elements: (1) that he has no plain and adequate remedy at law; (2) he has a clear legal right to the relief sought; and (3) respondent has a legal duty to perform the requested act. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). In relation to the "adequate remedy" element, the Supreme Court of Ohio has held that a direct appeal from a judgment of a trial court constitutes an adequate remedy at law. *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2016-Ohio-7677, 63 N.E.23d 155; *State ex rel.*

---

[1] Pursuant to Civ.R. 25(D)(1), respondent is substituted for the judge that was originally assigned to *State v. Hill*, Cuyahoga C.P. Nos. CR-05-468743-A and CR-05-469210-A.

*Hastings Mut. Ins. Co. v. Merillat*, 50 Ohio St.3d 152, 154, 553 N.E.2d 646 (1990). Herein, Quinonez possesses an adequate remedy of law through an appeal from the denial of his motion to "take judicial notice Article II, Rule 201." *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867; *State ex rel. McCuller v. Common Pleas Court*, 8th Dist. Cuyahoga No. 100143, 2013-Ohio-4929; *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 8th Dist. Cuyahoga No. 82287, 2003-Ohio-1969.

{¶ 4} Accordingly, we grant respondent's motion for summary judgment. Costs to respondent; costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ denied.

_____

MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
SEAN C. GALLAGHER, J., CONCUR